UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. |
| MAY OIL COMPANY, INC. | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the United States Coast Guard National Pollution Funds Center ("Coast Guard"), files this complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought against Defendant May Oil Company, Inc. ("May Oil"), pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 et seq., to recover removal costs arising from discharges of oil and/or the substantial threat of discharges of oil, into or upon the navigable waters of the United States or adjoining shorelines. The United States seeks to recover all costs incurred by the Oil Spill Liability Trust Fund ("Fund") by reason of its claim for removal costs, including interest (including prejudgment interest), administrative costs, and attorneys fees.

## JURISDICTION, AUTHORITY, AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345; and Section 1017 of OPA, 33 U.S.C. § 2717.

3. Authority to bring this action is vested in the United States Department of Justice by 28 U.S.C. §§ 516 and 519; and Section 1015(c) of OPA, 33 U.S.C. § 2715(c).

4. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §§ 1391 and 1395; and Section 1017(b) of OPA, 33 U.S.C. § 2717(b), because it is the judicial district in which May Oil conducted business and the judicial district in which the discharge occurred.

## DEFENDANT

5. Defendant May Oil Company, Inc, is a petroleum oil distributor incorporated in the State of Tennessee.

6. At all times relevant to this case, May Oil maintained a business at 619 South 4th Street, Pulaski, TN 38478.

7. May Oil is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

8. At all times relevant to this Complaint, May Oil owned or operated the facility associated with the oil discharge that is the subject of this Complaint within the meaning of Section 2701(26) and (27) of OPA, 33 U.S.C. § 2701(26) and (27).

## THE OPA COST RECOVERY SCHEME FOR REMOVAL ACTIONS

9. Section 1002(a) of OPA, 33 U.S.C. § 2702(a) and (b)(1)(B), provide that each responsible party for . . . a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters . . . is liable for the removal costs . . . that result from such incident, including any removal costs incurred by any person for acts taken by the person which are consistent with the National Contingency Plan.

10. Section 1001(32) of OPA, 33 U.S.C. § 2701(32) defines "responsible party" to include

- 2 -

"[i]n the case of a pipeline, any person owning or operating the pipeline...."

11. Section 1001(9) of OPA, 33 U.S.C. § 2701(9), defines the term "facility" to mean "any structure, group of structures, equipment, or device (other than a vessel) which is used for one or more of the following purposes: . . . storing, handling, transferring, processing, or transporting oil. This term includes any . . . pipeline used for one or more of these purposes."

12. Section 1001(30) of OPA, 33 U.S.C. § 2701(30), defines the terms "remove" and "removal" to include "containment and removal of oil . . . from water and shorelines or the taking of other actions as may be necessary to minimize or mitigate damage to the public health or welfare, including, but not limited to, fish shellfish, wildlife, and public and private property, shorelines, and beaches." Section 1001(31) of OPA, 33 U.S.C. § 2701(31), defines the term "removal costs" to include "the costs of removal that are incurred after a discharge of oil has occurred or, in any case in which there is a substantial threat of a discharge of oil, the costs to prevent, minimize, or mitigate oil pollution from such an incident."

13. Pursuant to Section 1012(a)(4) of OPA, 33 U.S.C. § 2712(a), the Fund is available for the payment of claims submitted in compliance with claim procedures for uncompensated removal costs determined by the United States Coast Guard to be consistent with the National Contingency Plan.

14. Pursuant to Section 1013(c), 33 U.S.C. § 1013(c), a person who has incurred removal costs may elect to commence an action in court against the responsible party, or the person may present a claim for payment of such costs to the Fund.

15. Pursuant to Section 1012(f) of OPA, 33 U.S.C. § 2712(f), payment of any claim or obligation of the Fund under OPA shall be subject to the United States Government acquiring by subrogation all rights of the claimant.

16. Pursuant to Section 1015(a) of OPA, 33 U.S.C. § 2715(c), at the request of the Secretary, the Attorney General may commence an action on behalf of the Fund to recover any compensation paid by the Fund to any claimant pursuant to OPA, and all costs incurred by the Fund by reason of the claim, including interest (including prejudgment interest), administrative and adjudicative costs, and attorney's fees.

## FACTS GIVING RISE TO LIABILITY

17. At all times relevant to this proceeding, May Oil operated a business at 619 South 4th Street, Pulaski, TN 38478 ("Facility").

18. At all times relevant to this proceeding, the May Oil Facility maintained a 18,000 cubic-foot underground storage tank containing red dye diesel oil that connected to pipelines.

19. At all times relevant to this proceeding, one of May Oil's discontinued pipelines connecting to its underground storage tank was positioned inside a four-foot discontinued storm sewer, which was located near the Richland Creek in the City of Pulaski ("City").

20. The Richland Creek is a continuous-flowing tributary of the Lower Elk River, which in turn is a tributary of the Tennessee River, and is a "navigable water[]" pursuant to OPA, 33 U.S.C. § 2701 et seq..

21. On several occasions, including but not limited to January 4, 2006, and continuing for a period of time thereafter, oil was discharged from the May Oil Facility into and/or upon Richland

Creek. A substantial threat of additional discharges of oil into Richland Creek was posed because of the condition of the May Oil Facility.

22. From approximately January 4, 2006 until April 18, 2006, First Response conducted removal activities to capture the oil discharging from the oil spill caused by the May Oil Facility.

23. On or about September 14, 2006, First Response submitted a removal cost claim to the Coast Guard for reimbursement of their uncompensated removal costs of $376,394.32 for the services they provided regarding the May Oil Facility oil spill.

24. May Oil did not pay First Response its incurred removal costs as a result of the May Oil Facility oil spill.

25. The Coast Guard determined that the actions undertaken by First Response were consistent with the National Contingency Plan, and the Coast Guard paid First Response from the Fund $376,394.32 as full compensation for First Response's reimbursable removal costs.

26. The Coast Guard continues to incur costs in connection with this incident.

## FIRST CLAIM FOR RELIEF

27. Paragraphs 1 through 26 are realleged and incorporated by reference.

28. May Oil is the responsible party of an oil spill that occurred from its "facility" within the meaning of Sections 1001(9) and 1002(a) of OPA, 33 U.S.C. § 2701(9) and 2702(a).

29. As the responsible party for a facility from which oil was discharged and from which there existed a substantial threat of further discharges into or upon the navigable waters or adjoining shorelines, May Oil is liable, pursuant to Sections 1002(a) and 1015(c) of OPA, 33 U.S.C. §§ 2702(a) and 2715(c), to reimburse the Coast Guard's Fund for its payment to First Response of the removal costs First Response incurred.

30. As the responsible party for the Facility, May Oil is liable, pursuant to Section 1002(a) and 1015(c) of OPA, 33 U.S.C. §§ 2702(a) and 2715(c), to reimburse the United States for all costs incurred by the Coast Guard's Fund for payment of First Response's claim for removal costs, including interest (including prejudgment interest), administrative costs, and attorneys fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1. Enter a judgment against Defendant May Oil Company, Inc. and in favor of the United States for at least $376,394.32 as reimbursement to the Fund for payment of First Response's claim for removal costs pursuant to Sections 1002(a) and 1015(c) of OPA, 33 U.S.C. §§ 2702(a) and 2715(c).

2. Award the United States all costs incurred by the Fund by reason of its payment of First Response claim including interest (including prejudgment interest) accruing from September 1, 2006 through the date of payment, administrative costs, and attorneys fees.

3. Award the United States its costs and disbursements in this action.

4. Grant the United States such other relief as this Court deems appropriate.

Respectfully Submitted,

*Ellen Mahan by Lisa Rivera with permission*
ELLEN MAHAN
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

*Esperanza Anderson by Lisa Rivera with permission*
ESPERANZA ANDERSON
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
esperanza.anderson@usdoj.gov
(202) 514-4059
Fax: (202) 514-2583

EDWARD M. YARBROUGH
Middle District of Tennessee
United States Attorney

*Lisa S. Rivera*
LISA S. RIVERA (BPR #024843)
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
(615) 736-5151

OF COUNSEL:
STEPHEN C. EWART
United States Coast Guard
National Pollution Funds Center
4200 Wilson Blvd., Suite 1000
Arlington, Virginia 22203-1804

JOHN T. DEWEY
United States Coast Guard
Office of Claims and Litigation
2100 Second Street, S.W.
Washington, D.C. 20593-0001